11 CIV. 3830

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Noelle Blanc,** Plaintiff

v.

Allied Interstate, Anderson Financial Network, Asset Acceptance LLC, The Bureaus, Cavalry Portfolio, Equable Ascent Financial LLC, Escallate, GEMB Bank, Kirschenbaum & Phillips LLP, LVNV, Midland Credit Management, NCO Financial, Tribeca Asset Management, Vision Financial Services, Morgan, Borstein & Morgan LLP, American Express, Citibank, CitiFinancial, Credit One Bank, Ford Motor Credit, Verizon, HSBC Bank, WFNNB, Experian, Equifax, and Trans Union, *Defendants*

**COMPLAINT --**

**JURY TRIAL REQUESTED**

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibit debt collectors from engaging in deceptive, unfair or otherwise unlawful practices.

2. This is an action for damages taint brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act (hereinafter "FCRA") 15 U.S.C. §1681 et seq.

3. This is an action for damages brought by an individual consumer for Defendants' violations of the New York State Fair Credit Reporting Act (hereinafter "NYCRA") General Business 280 et seq.

4. This is an action for damages brought by an individual consumer for Defendants' violations of the New York State Debt Collections Act (hereinafter "NYCDPA") General Business 280 et, which prohibit debt collectors from engaging in deceptive, unfair or otherwise unlawful practices.

5. This is an action for actual damages brought on by Defendants who willfully and deliberately continued collection activity on invalidated, uunverified accounts; the one of and further taint Plaintiff's credit standing. The primary purposes being financial gain

RECEIVED
MAY 20 2011

## II. JURISDICTION AND VENUE

6. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 28 U.S.C. §1331. Venue lies in the Southern District of New York as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## III. PARTIES

7. Plaintiff **NOELLE BLANC** is a resident and citizen of the State of New York residing in Eastchester, NY 10709.

8. Plaintiff is a "consumer" as defined by FCRA § 1681a (c) of the FCRA.

9. Upon information and belief, Defendants Experian, Equifax, and Trans Union (Hereinafter " **THE CREDIT BUREAUS"** are corporations duly authorized and qualified to do business in the State of New York. Each is a consumer reporting agency as defined by 15 U.S.C. § 1681a(F).

10. **EACH DEFENDANT** is a corporation engaged in the business of collecting debts in this. The principal purpose of these Defendants is the collection of debts using the mails and telephone, and regularly attempting to collect debts alleged to be due another. They are also corporations duly authorized and qualified to do business in the State of New York.

11. Each Defendant is a "furnisher of information" as contemplated by FCRA §1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more venues about consumer transactions or experiences with any consumer.

## IV. STATEMENT OF FACTS

***With Regard To All Defendants***

12. Defendants have/are currently reporting inaccurate information regarding accounts they allege are owned by Plaintiff.

13. Defendants knowingly contributed to the fact that false, fraudulent and unsubstantiated account data was being disseminated to anyone who looked at Plaintiff's credit reports. (Upwards of 25 potential creditors.)Plaintiff's application for credit were denied based on the information contained with the credit reports

14. Defendant's actions and caused Plaintiff's current creditors to terminate their agreements with her, Current creditors also withdrew or requested additional invasive information in order to keep Plaintiff's lines of credit open.

15. Upon information and belief, the alleged debts refer to various accounts in various amounts that were placed on Plaintiff's credit reports during the period of 2008 and March 2011

16. Plaintiff was never notified of the existence of any account or any indebtedness to any of the Defendants prior to 2011 when Plaintiff noticed the negative entries made by Defendants on Plaintiff's credit reports.

17. Plaintiff notified Defendants in writing that these debts were disputed and that Defendants had placed on Plaintiff's credit reports extremely erroneous and harmful information.

18. Plaintiff has disputed the reportings via the CREDIT BUREAUS on several occasions. On each occasion, and as recently as April 2011 Defendant verified the disputed trade lines as accurate, in direct violation of FCRA §623 and despite being in receipt of Plaintiff's written disputes.

19. Plaintiff requested the disputed trade lines removed or (cloaked) whilst the issue was being resolved, Defendants either refused or ignored Plaintiff's requests.

20. Defendants have refused on all occasions to correct the erroneous and harmful information.

21. Defendants knowingly and falsely placed the debts in a misrepresented manner on Plaintiff's credits report in violation of federal law under the FCRA and NYCRA.

22. Defendants worked in tandem to poison and ultimately destroy Plaintiff's credit record-knowingly and falsely continuing to report false information on Plaintiff's credit reports in violation of federal law under the FDCPA and FCRA

23. The presence of this information on Plaintiff's credit reports has decreased the creditworthiness of Plaintiff, thereby prohibiting Plaintiff from obtaining credit.

24. The presence of this information on Plaintiff's credit reports has caused Plaintiff to pay higher interest rates for the credit accounts that she does hold and inhibiting normal financial affairs of Plaintiff by impairing Plaintiff's ability to contract and purchase goods, necessary and desirable for the maintenance of Plaintiff and Plaintiff's family.

25. Plaintiff's existing creditors closed the lines of credit they'd previously extended to her based the results of Defendants' reportings in her credit file.

26. As a result of the acts alleged above, Plaintiff has suffered physical duress, mental anguish, embarrassment and additional adverse actions.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF FEDERAL AND STATE DEBT COLLECTIONS LAWS**

27. Plaintiff repeats, re-alleges and incorporates by reference the above paragraphs.

28. Defendants continued collection activity on the unverified debt

29. Defendants continued to call Plaintiff despite being information she is hearing impaired and to please submit communications to her in writing

30. Defendants ignored this and continued to call plaintiff using an AutoDialer, or other instrument.

31. Defendants Tribeca Asset Management, Morgan, Borstein,, and Morgan, and American Express Centurion Bank pursued and were granted a Default judgment against Plaintiff. Defendant Morgan, Borstein admittedly served the summons to an address at which Plaintiff does not live, obtained judgment in sme state, and attached her bank account ,releasing it only after Plaintiff's notification that she was on government assistance.

32. Plaintiff was hospitalized for a large part of 2008 and 2009 inclusive of the dates the above Defendants claim to have executed service. This action is a violation of the FDCPA, NYCDCPA and NYCPRL

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF FEDERAL AND STATE CREDIT REPORTING LAWS**

33. Defendants used false and misleading representations with regard to their reporting of their respective trade lines alleged to the CREDIT BUREAUS

34. These representations include, but are not limited to the following:

- Misrepresentation of the character, amount and legal status of the alleged debt.
- Failure to mark the trade line as disputed

35. Defendant's actions violate Fair Debt Collection Practices Act, 15 U.S.C. §1692e to wit: ***§ 807. False or misleading representations [15 USC 1692e]*** A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section :(2) The false representation of – (A) the character, amount, or legal status of any debt; and (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

36. Defendant's actions violate the Fair Credit Reporting Act, 15 U.S.C. §1681s-2 to wit: ***§ 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]*** *(b) Duties of furnishers of information upon notice of dispute. (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [§ 1681i]; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.*

37. Defendant has refused on all occasions to correct the erroneous and harmful information Defendant provided to the Credit Bureaus.

38. As a result of the above violations of the FDCPA, Defendant s are liable to Plaintiff for statutory damages and costs pursuant to FDCPA §813(a) to wit: ***§ 813. Civil liability [15 USC 1692k]*** *(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damage sustained by such person as a result of such failure; (2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000)*

39. As a result of the above violation of the FRCA, Defendant is liable to Plaintiff for damages and costs pursuant to FCRA §616 to wit: ***§ 616 Civil liability for willful noncompliance [15 U.S.C. § 1681n]*** *(a) In general any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of: (1) (A) any*

*actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; (2) such amount of punitive damages as the court may allow*

**THIRD CAUSE OF ACTION – INVASION OF PRIVACY**

40. Plaintiff repeats, re-alleges and incorporates by reference the above paragraphs.

41. Plaintiff is entitled by common law to be free from inappropriate invasions of her privacy, and to keep certain personal information private. Debt collection by its very nature gives a debt collector a wide variety of reasons to invade one's personal privacy, some of which may deemed bona fide, and some of which may not.

42. Defendant repeatedly and inappropriately invaded Plaintiff's privacy. Defendant conduct was not only repetitive, but was also capricious and willful because Defendant ignored Plaintiff's attempts for debt validation, and continued to collect an alleged debt without providing such information and refused to correct information that Defendant had reported erroneously. Defendant also engaged third parties about Plaintiff's private matters without Plaintiff's authorization.

43. Plaintiff should be entitled to recover all actual damages for the invasions committed by Defendant, and because of the excessive and egregious nature of the same, Plaintiff should also be awarded punitive damages.

**FOURTH CAUSE OF ACTION - DEFAMATION**

44. Plaintiff repeats, re-alleges and incorporates by reference the above paragraphs.

45. At the times pertinent hereto, Defendants have published statements both orally and through writing that are false and negative representations concerning Plaintiff's credit information and history.

46. At a minimum, Defendants have published these statements each time Plaintiff has notified Defendant and other credit reporting agencies of Plaintiff's dispute and each time a credit-reporting agency has reinvestigated the dispute.

47. The statements made by Defendants are false as outlined above.

48. Defendants have published these statements to at least twenty five (25) prospective creditors.

49. Defendants knew that the statements were false when made and had no factual basis for making the statements, as Plaintiff had notified them that the statements were false for the above-mentioned reasons and, they willfully continued to publish such statements up through the present time.

50. The written statements and publications constitute libel per se.

51. The oral statements and publications constitute slander per se.

52. In addition, and despite the repeated notices from Plaintiff, Defendants acted with malice by failing to communicate the information provided to them by Plaintiff to credit reporting agencies when responding to the reinvestigation attempts of such credit reporting agencies.

53. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted by law.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully prays that judgment be entered for the following:

*Regarding All Defendants:*

a) Declaratory judgment that Defendants' conduct violated the FDCPA, FCRA, NYCRA and the NYFDCPA
b) Declaratory and injunctive relief for Defendants' violations of the FCRA, NYCRA and the NYFDCPA
c) Trial by jury on all issues so triable
d) Statutory damages in an amount to be presented at trial;
e) Punitive damages pursuant to FCRA §1681n of $50,000 per defendant
f) otherwise, regarding Plaintiff from the Credit Bureaus without a permissible purpose as listed in the FCRA.
g) Costs and fees pursuant to 15 U.S.C. § 1692k.
h) Actual Damages in the amount of **$2.5 million dollars**.
i) Such other and further relief as may be just and proper together with any and all other relief to which Plaintiff may be entitled, including the right to amend this Complaint to add additional claims and/or additional parties after conducting appropriate discovery.

Signed in White Plains, NY on May 9, 2011 and respectfully submitted,

Noelle Blanc
4 Hall Place #2
Eastchester, NY 10709
(914) 337-4019
*(646)438-1050 -text*
*blanc_noe@hotmailcom*